NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDWARD PATRICK JAMES, III, *Appellant.*

No. 1 CA-CR 18-0312
FILED 1-28-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-124163-001
The Honorable Marvin L. Davis, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Dawnese Hustad
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Maurice Portley[1] joined.

**W E I N Z W E I G,** Judge:

**¶1**      Edward Patrick James, III, appeals his conviction and sentence for aggravated robbery, a class 3 felony.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**      We view the evidence and all reasonable inferences in the light most favorable to sustaining the jury's verdict. *State v. Miles*, 211 Ariz. 475, 476, ¶ 2 (App. 2005).

**¶3**      James and Ulise Granadeno confronted the victim and demanded money.  The victim refused.  James twice punched the victim's face while Granadeno held his "arms behind [his] back."  The victim relented and surrendered around 26 dollars.  James and Granadeno fled.  Shortly thereafter, however, the victim spotted James speaking with police officers.  The victim approached and told officers that James and another man had just robbed him.  Granadeno then appeared, having exited a liquor store.

**¶4**      The State charged James and Granadeno with aggravated robbery, a class three felony, but offered a plea agreement if both defendants pled guilty to solicitation to commit aggravated robbery, a class five felony, including a stipulation to suspend sentences with supervised probation.

**¶5**      Granadeno signed the plea agreement, which required a written factual basis under "pains and penalties of perjury" that described the robbery in detail, including that James twice punched the victim's face as Granadeno held the victim's arms.  James refused the plea offer.  The State agreed to honor Granadeno's plea agreement, however, if he signed

---

[1]      The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

an amended factual basis. The superior court found that Granadeno knowingly, voluntarily and intelligently entered the factual basis and sentenced him to two years of supervised probation.

¶6 James proceeded to a jury trial. Granadeno testified but denied facts in his sworn factual basis, including that he held the victim's arms and that James hit the victim's face. On cross-examination, Granadeno said the prosecutor warned that he "could get in more trouble" if he "did not testify consistently with the stipulated factual basis." The jury ultimately hung after the victim could not identify James in the courtroom.

¶7 James was retried. This time, the State moved to preclude defense counsel from cross-examining Granadeno on whether his plea agreement allowed him to avoid prison, or whether Granadeno was forced into the plea or threatened by the State to testify in a specific manner. The superior court granted the State's motion in part, precluding James from asking whether Granadeno was coerced to accept the plea offer. The court preserved cross-examination, however, "on all relevant issues pertaining to motive and bias including whether or not Mr. Granadeno believed he avoided the possibility of a prison sentence by signing the plea agreement and the addendum to the plea agreement." Granadeno again denied facts in his sworn factual basis at the second trial. The victim identified James this time. A mistrial was called, however, after a State witness offered inadmissible testimony.

¶8 A third trial was held. Granadeno failed to appear and an arrest warrant was issued. Granadeno was found later that day and detained. He possessed illicit drugs and drug paraphernalia. Granadeno appeared for trial the next day, but he invoked his Fifth Amendment right against incrimination after learning that prosecutors intended to question him about his arrest for drugs and paraphernalia. Over James' objection, the court allowed Granadeno to invoke his Fifth Amendment rights outside the jury's presence.

¶9 The jury found James guilty as charged. The superior court suspended James' sentence and placed him on four years' intensive probation with a deferred six-month jail term. James timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

**DISCUSSION**

¶10 James first argues the superior court improperly prevented his defense attorney from cross-examining Granadeno about "any motive

or bias relating to his entry into the State's factual basis . . . [including] the likelihood of a lengthy prison term [if convicted at trial.]" The argument fails, however, because the court specifically allowed the defense to cross-examine Granadeno about "motive and bias including whether or not [he] believed he avoided the possibility of a prison sentence by signing the plea agreement and the addendum to the plea agreement."

¶11　　James further argues the superior court erred by preventing his attorney from cross-examining Granadeno about the State's "threats" that Granadeno "could be charged with perjury if his testimony differed from the factual basis." Here again, this argument fails because James was allowed to explore the potential for motive or bias arising from Granadeno's plea agreement. We also reject any implication of prosecutorial misconduct. At most, the prosecutor reminded Granadeno of his sworn statements and the perjury laws. *See* A.R.S. § 13-2702(B) (perjury is a class 4 felony). We find no abuse of discretion. *See State v. Riley*, 141 Ariz. 15, 20 (App. 1984) ("[T]he trial court has broad discretion to decide what evidence is relevant in cross-examination, and reversal will occur only when the trial judge places unreasonable limitation on cross-examination.").

¶12　　James next argues the superior court erred by allowing Granadeno to invoke his Fifth Amendment rights outside the jury's presence. We find no abuse of discretion. *See State v. Corrales*, 138 Ariz. 583, 589 (1983). James cites no authority that would require Granadeno to invoke his Fifth Amendment privilege in the jury's presence, and we are aware of none. Nor is James entitled to any inference the jury might have drawn from Granadeno's invocation before them. *State v. McDaniel*, 136 Ariz. 188, 194 (1983) ("It is well settled that in criminal cases the jury is not entitled to draw any inferences from the decision of a witness to exercise his Fifth Amendment privilege."), *abrogated on other grounds by State v. Walton*, 159 Ariz. 571 (1989).

¶13　　And last, James argues the court should have allowed him to question Granadeno about his arrest for drugs and paraphernalia and whether it motivated him to testify favorably for the State at the third trial. But Granadeno invoked his Fifth Amendment rights and James never challenged the propriety of his invocation.

**CONCLUSION**

¶14        We affirm James' conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:   AA